FILED
United States Court of Appeals
Tenth Circuit

November 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

HENRY ANTHONY EVANS,

      Defendant - Appellant.

No. 12-1141
(D.C. No. 1:11-CR-00104-JLK-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Defendant-Appellant Henry Anthony Evans pleaded guilty to possession of a firearm by a previously convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and to possession with intent to distribute a controlled substance (cocaine base), 21 U.S.C. § 841(a)(1) and (b)(1)(C). 1 R. 51. He appeals from his sentence of 120 months' imprisonment and three years' supervised release. 1 R. 52, 53, 61.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Evans's attorney has filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). He asserts that there are no arguable issues on appeal. Aplt. Anders Br. 5. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal and grant counsel's motion to withdraw.

In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Mr. Evans's counsel has done just that. See Aplt. Anders Br. 5. Mr. Evans was served with a copy of the Anders brief, id. at 9, but did not contest it or file a response. The extended deadline for his doing so has passed. The government has agreed that there are no non-frivolous issues that can be raised on appeal. See Notice of Non-Response.

Under Anders, we conduct an independent review to determine whether Mr. Evans's claims are frivolous. 386 U.S. at 744. In his plea agreement, Mr. Evans and the government jointly recommended a 120 month sentence. 1 R. 20. This limited Mr. Evans's exposure given that the advisory guideline range is 151 to 188 months as to the drug count and 120 months as to the firearm count. 3 R. 32. The record reflects that Mr. Evans's plea agreement was entered knowingly and voluntarily. 3 R. 5–15; 1 R. 28–35. He was advised that the sentencing guidelines were advisory and that there was a statutory maximum of twenty years for one count and ten years for the other. 3 R. 8; 1 R. 29–30. Before sentencing,

Mr. Evans filed motions for variance pursuant to 18 U.S.C. § 3553 and for a downward departure pursuant to U.S.S.G §§ 5K1.1 and 5K2.0, both of which sought the agreed-upon sentence of 120 months. 1 R. 41–46. On April 5, 2012, he was sentenced accordingly. 1 R. 51–53.

We have reviewed the record. Mr. Evans was adequately advised, and the district court made the appropriate findings at sentencing. Accordingly, we DISMISS the appeal, and we GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge